UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
GUILLERMINA RICHARDS, individually,
and on behalf of A.R.,

                    Plaintiff,

       -against-

SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
---------------------------------------------------------------- x

MEMORANDUM & ORDER

15-cv-1528 (ENV)

VITALIANO, D.J.,

On March 19, 2015, plaintiff Guillermina Richards filed this civil rights action against the Social Security Administration ("SSA"), claiming that, at an unspecified time in 2014, she and her son, a minor identified by the initials A.R., were "informally banned from all social security offices" without due process of law. Compl., Dkt. No. 1, at 2.[1] She seeks injunctive relief in the form of an order lifting this alleged ban, as well as $100,000 in damages. *Id.* SSA now moves to dismiss the complaint.[2] For the reasons set forth below, SSA's motion is granted.

## Background

To say that the complaint is sparse would be an understatement. It fails to state any facts other than those recited in the preface. SSA has supplied the details from their records of the occurrences at the heart of the complaint which follow below. They are properly before the Court. The record as so supplemented is more than sufficient for decision.

---

[1] Plaintiff's motion to proceed *in forma pauperis* was granted on June 19, 2015. *See* Dkt. No. 4.

[2] The Court considers both plaintiff's opposition at Dkt. No 9 and Dkt. No. 13 in rendering its opinion.

The seeds of this action were planted on July 17, 2014, when SSA issued a letter to another of plaintiff's sons, Lyle Steele, Jr., notifying him that he could no longer appear in person at the agency's offices. Def. Br., Dkt. No. 11, at 1; *see also* Letter to Lyle Steele, Jr., Dkt. No. 11-2. As described in that letter, SSA imposed the subject ban because Steele had engaged in a pattern of aggressive and hostile behavior, in violation of SSA's regulations prohibiting threatening or disorderly conduct directed at agency personnel or at federal property. Def. Br. at 1; Letter to Lyle Steele, Jr. Importantly, SSA did not send a similar letter to plaintiff or A.R. Def. Br. at 2.[3] It did, however, commit an error that embroiled Richards in a short-lived annoyance. In response to inquiries made on behalf of Steele, SSA sent letters to New York State Senator Kevin Parker and to United States Representative Yvette Clark that mistakenly stated that both Steele and plaintiff had been banned from appearing in person at SSA's offices. *Id.* Similarly, notes were placed on plaintiff's and Steele's electronic internal agency records indicating, erroneously, that Richards had been banned from SSA's offices. *Id.* Upon realizing its mistake, in August 2015, SSA removed these notes, thus, lifting the unintended ban on her. *Id.*

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court is required to dismiss an *in forma pauperis* action where the court is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint fails to state a claim upon which relief can be granted when, taking all allegations contained in the complaint to be true, it appears beyond

---

[3] Although Richards receives Supplemental Security Income (SSI) benefits, SSA records do not reflect, nor does plaintiff allege, that she filed an application for benefits on behalf of A.R. Def. Br. at 1.

2

doubt that the plaintiff can prove no set of facts in support of his claim that would entitle her to relief. *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

In making this assessment before opening the courthouse doors, the trial court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege a violation of constitutional rights. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint, moreover, should not arbitrarily be dismissed without granting a *pro se* plaintiff leave to amend at least once, but only when a liberal reading of the complaint gives some indication that a valid claim might be stated if amended. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (citations and internal quotations omitted), a complaint filed by a *pro se*, like any other, must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it

3

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Discussion

It is plain that SSA erred in temporarily designating Richards as one banned from appearing in person at its offices. Yet, there is not the slightest suggestion in the complaint, nor on the SSA records, that any substantive adverse action was ever taken against Richards or A.R. or that plaintiff was denied any opportunity to raise grievances with SSA. At worst for SSA, the pleadings suggest that plaintiff and A.R. suffered a temporary inconvenience, which was quickly remedied when SSA removed the erroneous ban on Richards from its internal records. Given this record, it is hardly surprising that plaintiff has pleaded no facts indicating that she or A.R. suffered any damages as a result of SSA's mistake and the brief ban.[4]

Normally, as previously noted, a *pro se* plaintiff should be given the opportunity to fill in factual pleading gaps by amending her complaint at least once. *Gomez*, 171 F.3d at 795. At this point, futility militates against the grant of leave. Simply put, plaintiff cannot state a claim as a matter of law.

More than a year ago, SSA voluntarily lifted the ban. Assuming jurisdiction, any injunctive relief to lift the ban has become moot. As such, it must be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). *See Jefferson v. Abrams*, 747 F.2d 94, 96 (2d Cir. 1984) ("[W]hen the issues presented are no longer live or the parties lack a legally

---

[4] Recognizing that no application for SSI benefits had been filed on A.R.'s behalf, plaintiff argues that "[n]o claim could be filed on behalf of the minor child with the initials A.R. because [of] the ban." *See* Pl. Br., Dkt. No. 9, at 2. She fails to explain, however, how exactly the ban on her entering SSA's offices prevented her from filing an SSI claim. This, too, is not surprising since such applications can be made online or by mail. *See* https://www.ssa.gov/disabilityssi/ (last accessed August 31, 2016).

4

cognizable interest in the outcome," the case is moot.) (citations and internal quotations omitted); *see also Bibicheff v. Holder*, 55 F. Supp. 3d 254, 260 (E.D.N.Y. 2014) (finding dismissal under Rule 12(b)(1) for mootness appropriate and noting that a district court "is permitted to consider materials outside the four corners of the complaint on a motion to dismiss for lack of subject matter jurisdiction and may even resolve disputed jurisdictional facts by referring to evidence outside the pleadings.").

Most critically, moreover, neither the Civil Rights Act nor styling the claim in any other fashion would afford a right of action against federal agencies like SSA or its employees. SSA is shielded from suit by the doctrine of sovereign immunity. *See Franchise Tax Bd. v. U.S. Postal Serv.*, 467 U.S. 512, 517–18, 104 S.Ct. 2549, 2552–53, 81 L.Ed.2d 446 (1984); *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 388 (D.N.J. 1996) ("[B]ecause the plaintiff here has sued the SSA, a Federal agency and the SSA employees in their official capacities . . . this case must actually be considered a suit against the United States and sovereign immunity applies.") (internal citations omitted).

Substantively, furthermore, plaintiff would fare no better. The ability to enter a federal building is not, in itself, a cognizable liberty or property interest. *See Small v. Astrue*, No. 08-CV-01864, 2009 WL 2134345, at *8 (D. Colo. July 14, 2009) (finding that plaintiff who alleged that SSA denied her access to a federal building housing that agency and other agencies could not sustain a due process claim because she could not establish that her ability to access a federal building represented a cognizable liberty or property interest) (citing *Williams v. Town of Greenburgh*, 535 F.3d 71, 74-76 (2d Cir. 2008) (finding that access to public facilities does not amount to a constitutionally-protected liberty interest). Nor, as previewed earlier, has Richards or A.R. suffered any conceivable damages. *See* note 4, *supra.*

Any attempted amendment of the complaint would be futile and needlessly prolong the inevitable.[5]

Granting plaintiff the right to amend her complaint would, therefore, only prolong a meritless action. Such relief is therefore denied.

## Conclusion

For the foregoing reasons, SSA's motion to dismiss is granted. Leave to amend is denied. The complaint is dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 920–21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
August 31, 2016

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge

---

[5] Richards's son, Lyle Steele, Jr., filed a similar suit in this court contesting his ban on in-person visits to SSA's offices. *See Lyle Steele, Jr. vs. Soc. Sec. Admin.*, 14-cv-7104 (filed Dec. 3, 2014). That action was, on this date, also dismissed for failure to state a claim.